**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SHARON LIS and ALLEN LIS,<br><br>     *Plaintiffs*,<br><br>v.<br><br>KONINKLIJKE PHILIPS N.V.;<br>PHILIPS NORTH AMERICA LLC;<br>PHILIPS RS NORTH AMERICA LLC;<br>PHILIPS HOLDING USA, INC.;<br>PHILIPS HEALTHCARE; and<br>HEALTH SYSTEM SERVICES, LTD.,<br><br>     *Defendants*. | CASE NO. 1:23-cv-00907 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY**
**PROCEEDINGS PENDING TRANSFER TO MDL NO. 3014**

**TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................4

ARGUMENT ......................................................................................................................7

    I.      This Request For A Stay Will Not Prejudice Plaintiffs. ...........................9

    II.     Defendant Will Suffer Harm Absent A Stay. ........................................11

    III.    A Stay Will Conserve Judicial Resources. ............................................13

CONCLUSION..................................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abshire v. Davol, Inc.*,
No. 2:18-CV-268, 2018 WL 2538746 (S.D. Ohio June 4, 2018)............................................12

*Am. Seafood, Inc. v. Magnolia Processing, Inc.*,
No. CIV. A. 92-1030, 1992 WL 102762 (E.D. Pa. May 7, 1992).....................................9, 10

*Autry et al. v. Koninklijke Philips N.V., et al.*,
No. 2:21-cv-00983 (W.D. Pa.) (ECF No. 16).........................................................................2, 3

*Ayers v. ConAgra Foods, Inc*.,
No. CIV.A. H-08-3723, 2009 WL 982472 (S.D. Tex. Apr. 9, 2009).....................................10

*Ballenger v. Koninklijke Philips N.V., et al.*,
No. 5:21-cv-01085 (LCB) (N.D. Ala.) (ECF No. 5).................................................................2

*Baughman v. Koninklijke Philips N.V., et al.*,
No. 2:21-cv-01017 (MRH) (W.D. Pa.) (ECF No. 15)...........................................................2, 3

*Bd. of Trustees of Teachers' Retirement Sys. Of State of Illinois v. Worldcom,
Inc.*,
244 F. Supp. 2d 900 ..............................................................................................................13

*Currey v. Davol, Inc.*,
No. 2:18-CV-222, 2018 WL 2538724 (S.D. Ohio June 4, 2018).......................................8, 10

*Dobbs et al v. Aerocare Home Med., INC. et al.*,
No. 4:22-cv-03408 (S.D. Tex.) (ECF No. 19) ..........................................................................4

*Egon v. Del-Val Fin. Corp*.,
No. 90-Civ-4338, 1991 WL 13726 (D.N.J. Feb. 1, 1991).......................................................10

*Elaine Davis v. Koninklijke Philips N.V., et al.*,
No. 2:21-cv-01010 (AKK) (N.D. Ala.) (ECF No. 8)..............................................................2, 3

*Ellis v. Merck & Co*.,
No. 06-1005-T/AN, 2006 WL 448694 (W.D. Tenn. Feb. 19, 2006)....................................9, 14

*Fowler v. Hamilton Med. Ctr., Inc.*,
No. 4:08-CV-0055-HLM, 2008 WL 11336192 (N.D. Ga. May 7, 2008) .......................8, 9, 12

*Fuller v. Amerigas Propane, Inc.*,
No. 09-2616 TEH, 2009 WL 2390358 (N.D. Cal. Aug. 3, 2009) ...........................................14

*Good v. Altria Grp., Inc.*,
624 F. Supp. 2d 132 (D. Me. 2009) ...................................................................9

*Graham v. Respironics, Inc., et al.*,
No. 3:21-cv-00485 (W.D. Ky.) (ECF No. 27) ...................................................3

*Handley v. Koninklijke Philips N.V., et al.*,
No. 4:22-cv-00220 (E.D. Ark.) .........................................................................3

*Heilman v. Koninklijke Philips N.V., et al.*,
No. 2:21-cv-00862 (MRH) (W.D. Pa.) (ECF No. 23) .......................................3

*Heller v. Koninklijke Philips N.V., et al.*,
No. 4:21-cv-00111 (CDL) (M.D. Ga.) (ECF No. 21) ........................................3

*Krieger v. Merck & Co., Inc.*,
2005 WL 2921640 (W.D.N.Y. Nov. 4, 2005) .........................................11, 12, 13

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936).........................................................................................7

*Med. Soc'y of State of N.Y. v. Connecticut Gen. Corp.*,
187 F. Supp. 2d 89 (S.D.N.Y. 2001)................................................................13

*Matter of Merck & Co., Inc.*,
2005 WL 8455780 ............................................................................................9

*Matter of Merck & Co., Inc.*,
2006 WL 8455780 (W.D.N.Y. Mar. 1, 2006)...............................................7, 11

*Mick v. GlaxoSmithKline, PLC*,
2008 WL 4147555 (W.D.N.Y. Sept. 2, 2008) ...................................................7

*Mitrovich v. Koninklijke Philips N.V. et al.*,
No. 2:21-cv-05793 (DMG) (C.D. Cal.) .............................................................3

*North v. Merck & Co., Inc.*,
2005 WL 2921638 (W.D.N.Y. Nov. 4, 2005) ...................................................10

*Paul v. Aviva Life & Annuity Co.*,
No. 09-1038, 2009 WL 2244766 (N.D. Ill. July 27, 2009) .......................10, 12, 14

*In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products
Liability Litigation*,
Case No. 2:21-mc-01230 (W.D. Pa.) (JFC)............................................. *passim*

*In re: Philips Recalled CPAP, Bi-Level PAP, and Ventilator Litig.*,
MDL No. 3014 (JPML filed July 7, 2021) (ECF No. 1-1) ....................................6

*Powell, et al. v. Koninklijke Philips N.V., et al.*,
    No. 2:21-cv-03412 (TJS) (E.D. Pa.) (ECF No. 7) .................................................3

*Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*,
    87 F. Supp. 3d 463 (S.D.N.Y. 2015)............................................................... *passim*

*Rivers v. Walt Disney Co.*,
    980 F. Supp. 1358 (C.D. Cal. 1997) .........................................................7, 14

*Rojas v. Teva Pharms. USA, Inc.*,
    No. 20-CV-6448 (KMK), 2020 WL 8513143 (S.D.N.Y. Dec. 1, 2020) ........................7, 9, 12

*Romine v. Uber Techs., Inc.*,
    No. 3:16-CV-371, 2017 WL 11494684 (E.D. Tenn. May 24, 2017) .................................8, 14

*Rosenfeld v. Hartford Fire Ins. Co.*,
    No. 88 CIV. 2153 (MJL), 1988 WL 49065 (S.D.N.Y. May 12, 1988) ........................7, 10, 12

*Royal Park Invs. SA/NV v. Bank of Am. Corp.*,
    941 F. Supp. 2d 367 (S.D.N.Y. 2013)......................................................7, 9, 12, 13

*Simpson v. Wright Med. Tech., Inc.*,
    No. 5:17-cv-00062 KGB, 2020 WL 3318001 (E.D. Ark. June 18, 2020) ...........................11

*Thomas Davis v. Koninklijke Philips N.V., et al.*,
    No. 2:21-cv-01009 (ACA) (N.D. Ala.) (ECF No. 11) ...........................................2, 3

*Thomas v. Koninklijke Philips N.V. et al.*,
    2:21-cv-00874 (MRH) (W.D. Pa.) (ECF No. 19) ..................................................2

*U.S. Bank v. Royal Indem. Co.*,
    No. CIV.A. 3:02-CV-0853-P, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002) ....................14

*Van Horn v. Philips N. Am. LLC, et al.*,
    No. 3:21-cv-00526-JAG (E.D. Va.) (ECF No. 10) .................................................3

*Walker v. Koninklijke Philips N.V., et al.*,
    No. 2:21-cv-01472 (E.D. La.) (ECF No. 9) .....................................................3

*Walker v. Merck & Co.*,
    No. 05-CV-360-DRH, 2005 WL 1565839 (S.D. Ill. June 22, 2005)...........................8, 10, 13

**Statutes**

28 U.S.C. § 1407...........................................................................6

Defendant Philips RS North America LLC ("Philips RS" or "Defendant"), through its undersigned counsel, respectfully moves to stay all proceedings in this action, including the filing of answers, motions to dismiss, and any other pleadings by all parties, pending determination by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this action to the multidistrict litigation currently pending before Judge Conti in the Western District of Pennsylvania, *In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation*, Case No. 2:21-mc-01230 (W.D. Pa.) (JFC) (the "MDL"). Defendants Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips Healthcare[1] (collectively, "Philips" or the "Philips Defendants") consent to this motion.[2]

The MDL resulted from the JPML's October 8, 2021 Transfer Order consolidating the substantial volume of lawsuits filed across the country making similar allegations concerning Philips RS's recall of certain sleep and respiratory care devices. The MDL court, as discussed below, entered a stay of all motions practice and responsive pleadings. *See* MDL ECF No. 4, Pretrial Order #1, ¶ 11 ("Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this court. Pending further orders of this court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated."). The MDL is now advancing, with the MDL court having subsequently entered orders regarding the filing and answering of master complaints and short-form complaints (MDL ECF No. 783, Pretrial Order #28, Procedures for Filing Amended Master Personal Injury Complaints and Individual Short Form Personal Injury Complaints), and the briefing of remand motions (MDL ECF No. 701, Pretrial Order #22, Regarding Coordinated Briefing Of Motions To Remand To

---

[1]     As noted in the Notice of Removal, it is unclear what entity Plaintiffs seek to join by naming "Philips Healthcare" as a defendant to this action.

[2]     Pursuant to Local Rule 7(a)(1), Philips RS reserves its right to file and serve reply papers if Plaintiff files a motion opposing this Motion to Stay.

State Court; MDL ECF No. 1901, Order Granting Motion to Modify Pretrial Order #22 to Revise Deadlines).  Discovery also is proceeding.

This action was removed by Defendant to the Western District of New York on August 31, 2023 (*see* ECF No. 1).  It was identified as a tag-along action to the MDL on the same day, August 31, 2023 (*see* **Exhibit A**).  The JPML is expected to issue a Conditional Transfer Order ("CTO") in short order, and to the extent Plaintiffs oppose the CTO as indicated (ECF No. 5), the JPML will shortly set a briefing schedule to decide the issue.  If transferred, this case will become part of the MDL for consolidated proceedings, where, as noted, motion practice and responsive pleadings are stayed pending further order of the MDL court. In any case, there should be no further litigation in this Court until the transfer decision is finalized.

There is good cause to issue a stay here in light of the likely transfer of this action to the MDL.  To date, judges in various courts across the country have granted stays (even prior to the MDL's creation and before the issuance of Conditional Transfer Orders) based on comparable grounds to those asserted by Defendant in this motion.  For instance, Chief Judge Hornak of the Western District of Pennsylvania not only entered stays in *Autry v. Koninklijke Philips N.V., et al.*, *Baughman v. Koninklijke Philips N.V., et al.*, and *Thomas v. Koninklijke Philips N.V. et al.*, but also administratively closed these cases and directed in *Thomas* that any request to lift the stay through a Joint Status Report of the parties before the JPML issued its initial Transfer Order creating the MDL.  Copies of these orders and additional stay orders are attached as **Exhibit B**.[3]

---

[3]    *See* Order Granting Unopposed Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation on a Motion to Transfer, *Autry et al. v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-00983 (W.D. Pa.) (ECF No. 16) (granting unopposed stay motion); Order Granting Unopposed Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation on a Motion to Transfer, *Baughman v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01017 (MRH) (W.D. Pa.) (ECF No. 15) (granting unopposed motion to stay); Order Granting Motion to Stay Proceedings Until JPML Decision, *Thomas v. Koninklijke Philips N.V. et al.*, 2:21-cv-00874 (MRH) (W.D. Pa.) (ECF No. 19) (granting stay and administratively closing case for period of stay and requiring counsel to file a Joint Status Report for any request to lift stay).  *See also, e.g.*, Order, *Ballenger v. Koninklijke Philips N.V., et al.*, No. 5:21-cv-01085 (LCB) (N.D. Ala.) (ECF No. 5) (granting unopposed motion to stay); Order, *Elaine*

The circumstances warranting a stay are even more compelling here because the JPML has

entered the October 8, 2021 Transfer Order.  Indeed, Magistrate Judge Regina Edwards of the

Western District of Kentucky granted defendants' motion to stay proceedings under similar

circumstances—even when the plaintiff there expressly **opposed** a stay—holding that absent a stay,

"Defendants would be forced to litigate duplicative matters unnecessarily," expending "significant

costs" and "wast[ing] time and resources."  Order, *Graham*, No. 3:21-cv-00485  (ECF No. 27)

(granting opposed motion to stay proceedings pending JPML's ruling on plaintiff's opposition to

conditional transfer order).  Judge Kristine G. Baker of the Eastern District of Arkansas also

granted defendants' motion to stay proceedings under similar circumstances, holding that

"Defendants plausibly allege that they would suffer hardship and inequity if the Court does not

stay the cases by having to litigate in multiple venues and receive potentially conflicting rulings.

[Additionally], a stay would result in the conservation of judicial resources because of the potential

that the Court expends significant time and effort on matters that will be duplicated when the action

---

*Davis v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01010 (AKK) (N.D. Ala.) (ECF No. 8) (granting opposed motion to stay); Order, *Thomas Davis v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01009 (ACA) (N.D. Ala.) (ECF No. 11) (granting unopposed motion to stay); Order, *Emmino v. Koninklijke Philips N.V., et al.*, No. 8:21-cv-01609 (MSS) (M.D. Fla.) (ECF No. 11) (granting unopposed stay motion); Order, *Farmer v. Koninklijke Philips N.V., et al.*, No. 5:21-cv-00428 (FWV) (S.D.W. Va.) (ECF No. 11) (granting unopposed motion to stay); Order Granting Motion to Stay Pending a Ruling Regarding Consolidation from the Judicial Panel on Multidistrict Litigation, *Heller v. Koninklijke Philips N.V., et al.*, No. 4:21-cv-00111 (CDL) (M.D. Ga.) (ECF No. 21) (granting opposed stay motion); Order re: Stipulation to Stay Action Pending Decision by the Judicial Panel on Multidistrict Litigation, *Mitrovich v. Koninklijke Philips N.V. et al.*, No. 2:21-cv-05793 (DMG) (C.D. Cal.); Order Staying Case, *Means v. Koninklijke Philips N.V., et al.*, No. 0:21-cv-01916 (PJS-DTS) (D. Minn.) (ECF No. 15); Order, *Powell, et al. v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-03412 (TJS) (E.D. Pa.) (ECF No. 7) (granting unopposed motion to stay); Order Granting Unopposed Motion to Stay, *Shrack v. Koninklijke Philips N.V., et al.*, No. 1:21-cv-00989 (CFC) (D. Del.) (ECF No. 8) (granting unopposed motion to stay); Order, *Starner v. Koninklijke Philips N.V., et al.*, No. 2:21-CV-0925 (TJS) (E.D. Pa.) (ECF No. 16) (granting unopposed motion to stay); Order, *Stewart v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01355 (EEF) (E.D. La.) (ECF No. 8) (granting unopposed motion to stay); Order, *Van Horn v. Philips N. Am. LLC, et al.*, No. 3:21-cv-00526-JAG (E.D. Va.) (ECF No. 10) (granting opposed motion to stay); Order, *Walker v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01472 (E.D. La.) (ECF No. 9) (granting unopposed motion to stay); Memorandum Order, *Bleakney v. Philips RS N. Am. LLC*, No. GD-21-009037 (W.D. Pa.) (ECF No. 10) (granting opposed motion to stay); Order Staying Case, *Heilman v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-00862 (MRH) (W.D. Pa.) (ECF No. 23) (granting opposed motion to stay); Order, *Graham v. Respironics, Inc., et al.*, No. 3:21-cv-00485 (W.D. Ky.) (ECF No. 27) (granting opposed motion to stay proceedings); Order, *Handley v. Koninklijke Philips N.V., et al.*, No. 4:22-cv-00220 (E.D. Ark.) (granting unopposed motion to stay).

is transferred to the MDL." Order, *Handley*, No. 4:22-cv-00220 (ECF No. 6) (granting unopposed motion to stay).

Judge Eskridge of the Southern District of Texas also granted defendants' motion to stay proceedings even where plaintiff had filed with the JPML a motion to vacate transfer to the MDL. Order, *Dobbs et al v. Aerocare Home Med., INC. et al.*, No. 4:22-cv-03408 (S.D. Tex.) (ECF No. 19). There, the court held that plaintiff would not be "prejudiced because the stay [would] be brief under the briefing schedule set by the JPML," and that Philips RS would be "subject to the potential of conflicting judicial determinations if the proceedings in this Court aren't stayed." *Id.* at 2. The court further held that "the promotion of judicial economy outweigh[ed] any minimal hardship endured by [plaintiff] due to a brief stay." *Id.* Judge Eskridge's rationale for staying the *Dobbs* case applies equally here.

Accordingly, a stay of all proceedings in this case pending the transfer of this action is warranted for judicial efficiency and to prevent inconsistent rulings on issues that should be addressed on a uniform basis in the MDL. Moreover, this action was only recently filed on August 10, 2023, and the stay in this Court will be effective only until the matter is transferred. Thus, any delay will be short and will not prejudice any party.

## BACKGROUND

On June 14, 2021, Philips RS instituted a voluntary recall[4] of certain Continuous Positive Airway Pressure ("CPAP"), Bi-Level Positive Airway Pressure ("Bi-Level PAP"), and mechanical ventilator prescription medical devices (collectively, the "Recalled Devices"), which are used to treat certain sleep and respiratory conditions, including sleep apnea. According to the Complaint

---

[4]     *See* Recall Notice (June 14, 2021) at 2 ("Recall Notice"), https://www.usa.philips.com/a-w/about/news/archive/standard/news/press/2021/20210614-philips-issues-recall-notification-to-mitigate-potential-health-risks-related-to-the-sound-abatement-foam-component-in-certain-sleep-and-respiratory-care-devices.html.

filed in this action, the Recalled Devices are equipped with a polyester-based polyurethane ("PE-PUR") sound-abatement foam component that may degrade and off-gas certain chemicals over time under certain circumstances.  Philips RS announced it will replace the PE-PUR foam in certain Recalled Devices with a new material as expeditiously as possible, subject to required regulatory approvals.[5]

Plaintiffs allege Philips manufactures CPAP and Bi-Level PAP medical devices with component parts that could decompose and cause harm to users.  Compl., Dkt. 1-1, ¶¶ 2-4.  Plaintiff Sharon Lis alleges that her use of a recalled device caused her to incur injuries including but not limited to "bronchogenic carcinoma, a cancerous tumor originating in her lung along the right middle part of her chest that can only be removed surgically."  *Id*. ¶ 7.  She also alleges to have suffered and continues to suffer "severe associated pain, suffering, and emotional distress," and has had to undergo medical procedures.  *Id*. ¶¶ 8-10.  Plaintiff Sharon Lis asserts causes of action in negligence, *id*. ¶¶ 93-114; strict liability – design defect, *id*. ¶¶ 115-39; strict liability – failure to warn, *id*. ¶¶ 140-71; strict liability – manufacturing defect, *id*. ¶¶ 172-82; fraud and misrepresentation, *id*. ¶¶ 183-97; and breach of warranties, *id*. ¶¶ 198-215, against all Defendants. Plaintiff Sharon Lis's husband, Plaintiff Allen Lis, brings a derivative claim for loss of consortium. *Id*. ¶¶ 83, 216-20.

Over 700 other lawsuits (with the instant action, the "Actions") making similar allegations concerning the recall and asserting similar claims have been filed against Defendants and have

---

[5]     Recall Notice at 3; *see also Philips starts repair and replacement program of first-generation DreamStation devices in the US in relation to earlier announced recall notification* (Sept. 1, 2021), https://www.philips.com/a-w/about/news/archive/standard/news/press/2021/20210901-philips-starts-repair-and-replacement-program-of-first-generation-dreamstation-devices-in-the-us-in-relation-to-earlier-announced-recall-notification.html.

subsequently been consolidated into the MDL.  Additional such suits continue to be filed with regularity in courts across the country.

On July 7, 2021, the plaintiff in one of the Actions, *Starner*, No. 2:21-cv-2925 (ECF No. 16), filed a Motion for Transfer and Coordination or Consolidation (the "MDL Motion") with the JPML, requesting to centralize the Actions (and any future-filed "tag-along" actions, which include the instant action) for coordinated pretrial discovery and proceedings in the MDL pursuant to 28 U.S.C. § 1407.[6]  On October 8, 2021, the JPML granted the MDL Motion and issued an order transferring ten of the Actions to Judge Conti in the Western District of Pennsylvania for consolidated pretrial proceedings.  Since then, the JPML has issued approximately 80 conditional transfer orders and has transferred over 700 additional matters to the MDL.

Judge Conti issued an initial pretrial order staying all deadlines for responsive pleadings in the MDL, ordered procedures for filing and answering master and short form complaints and responsive pleadings, and ordered procedures for motions to remand practice.  *See Philips Recalled CPAP, Bi-Level PAP, and Mech. Ventilator Prods. Liab. Litig,*, 2:21-mc-01230 (JFC) (W.D. Pa.) (ECF No. 4, 701, 783).  Additionally, the parties in the MDL have been and are engaged in consistent, recurring status conferences and other case-management conferences overseen by Judge Conti.

On August 31, 2023, Defendant timely removed this action and promptly identified it as a potential tag-along action to the MDL.  (*See* Exhibit A.)  Any further proceedings in this action would be mooted by its anticipated transfer to the MDL.  Thus, to promote judicial economy and

---

[6]     *See In re: Philips Recalled CPAP, Bi-Level PAP, and Ventilator Litig.*, MDL No. 3014 (JPML filed July 7, 2021) (ECF No. 1-1).

avoid prejudice to any party, Defendant respectfully requests a stay of all proceedings in this action.

**ARGUMENT**

There is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"—"the power to stay proceedings is incidental to [that inherent] power." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015); *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013); *Rojas v. Teva Pharms. USA, Inc.*, No. 20-CV-6448 (KMK), 2020 WL 8513143, at *1 (S.D.N.Y. Dec. 1, 2020); *Rosenfeld v. Hartford Fire Ins. Co.*, No. 88 CIV. 2153 (MJL), 1988 WL 49065, at *1 (S.D.N.Y. May 12, 1988).  It is widely recognized as prudent to stay cases pending a ruling by the JPML on a motion to transfer and consolidate pending cases, especially where, as here, an MDL already has been created.  *See, e.g.*, Manual Complex Litig. § 22.35 (4th Ed. 2004) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well."); *Matter of Merck & Co., Inc.*, 2006 WL 8455780, at *2 (W.D.N.Y. Mar. 1, 2006) (same); *Mick v. GlaxoSmithKline, PLC*, 2008 WL 4147555, at *3 (W.D.N.Y. Sept. 2, 2008) (noting "general rule to defer pending motions to transferee court"); *Royal Park Invs. SA/NV*, 941 F. Supp. 2d at 370 ("In addition, where a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML."); *Rojas*, 2020 WL 8513143, at *1 ("Many courts have stayed proceedings pending a decision by the JPML on whether to consolidate cases."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("Moreover, it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and

consolidate is pending with the MDL Panel because of the judicial resources that are conserved." (citations omitted)); *Currey v. Davol, Inc.*, No. 2:18-CV-222, 2018 WL 2538724, at *2 (S.D. Ohio June 4, 2018) ("Courts have routinely exercised this inherent authority to stay pretrial proceedings during the pendency of a motion before the JPML seeking coordinated pretrial proceedings." (citations omitted)); *see Romine v. Uber Techs., Inc.*, No. 3:16-CV-371, 2017 WL 11494684, at *3 (E.D. Tenn. May 24, 2017) (concluding that issuing a stay in similar circumstances would be "the most consistent [approach] with the general body of federal case law").

When considering a motion to stay in this context, courts consider: (i) potential prejudice to the non-moving party; (ii) hardship and inequity to the moving party if the action is not stayed; and (iii) judicial economy. *See Walker v. Merck & Co.*, No. 05-CV-360-DRH, 2005 WL 1565839, at *1 (S.D. Ill. June 22, 2005); *see also Ritchie Cap. Mgmt., LLC*, 87 F. Supp. 3d at 471 (noting that, in addition to the abovementioned considerations, New York courts may also consider the interests of third parties and the public interest). As noted, "courts frequently grant stays pending transfer decisions by the JPML to avoid duplicative efforts and to promote judicial economy." *Fowler v. Hamilton Med. Ctr., Inc.*, No. 4:08-CV-0055-HLM, 2008 WL 11336192, at *2 (N.D. Ga. May 7, 2008).

Here, each factor weighs in favor of granting a stay. First, any stay will be brief. Thus, a stay will not prejudice Plaintiffs. Second, absent a stay, Defendant will suffer substantial hardship by having to litigate duplicative matters in numerous venues and be subject to potentially conflicting rulings across the various Actions. Such substantial hardship would outweigh considerations of the minimal, if any, prejudice to Plaintiffs. Finally, it would be contrary to the interests of judicial economy for this Court to devote time and resources to this action before it is transferred to the MDL.

## I.  THIS REQUEST FOR A STAY WILL NOT PREJUDICE PLAINTIFFS.

Plaintiffs are not prejudiced because "any stay issued will likely be of very short duration, and no significant delay will result." *Am. Seafood, Inc. v. Magnolia Processing, Inc*., No. CIV. A. 92-1030, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992).  Courts frequently have found stays do not prejudice plaintiffs even before issuance of a decision by the JPML because such stays generally are brief.  *See, e.g.*, *id.*; *Fowler*, 2008 WL 11336192, at *2 ("[B]ased on the Court's own experience with the JPML, the JPML likely will rule on the pending motions to transfer within the next two to three months.  Plaintiffs . . . will suffer little, if any, prejudice from such a short stay.").

Accordingly, Plaintiffs will not be prejudiced by a short stay of these proceedings pending the JPML's issuance and potential ruling on a CTO transferring this case to the MDL.  *See* Multidistrict Litigation Manual § 4:27 (2014 ed.) ("In most cases the Panel decides the matter before it within a short period."); *Matter of Merck & Co., Inc.*, 2005 WL 8455780, at *3 (finding plaintiff did not suffer prejudice where the MDL court "expressed his intention to resolve motions to remand in an expeditious and consistent manner"); *Ritchie Cap. Mgmt., LLC*, 87 F. Supp. 3d at 471 ("A short stay will not prejudice plaintiffs."); *Royal Park Invs. SA/NV*, 941 F. Supp. 2d at 372 ("Courts have determined that such short delays caused by staying proceedings until the JPML decides whether to transfer a case usually do not prejudice the plaintiff."); *Rojas*, 2020 WL 8513143, at *1 (granting a stay and noting it would likely be short); *Ellis v. Merck & Co*., No. 06-1005-T/AN, 2006 WL 448694, at *1 (W.D. Tenn. Feb. 19, 2006) ("In addition, the Court finds that any prejudice to the plaintiff resulting from a stay would be minimal."); *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009) (granting stay and finding no prejudice to plaintiffs where JPML had "established a briefing schedule" such that any "delay will be measured in weeks," not months).

Furthermore, a stay of proceedings in this case is appropriate because "there has been very little activity in th[is] matter thus far," and this Court "has not issued any discovery orders or a Scheduling Order, and a Scheduling Conference has not yet been held." *Currey*, 2018 WL 2538724, at *2; *Paul v. Aviva Life & Annuity Co*., No. 09-1038, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009) (granting stay and finding "minimal" prejudice where "this case has only been pending for five months and discovery has yet to begin"); *see also* Order, *Handley*, No. 4:22-cv-00220 (ECF No. 6) ("Any stay in this action will be brief, and the Plaintiff . . . does not oppose the stay; neither party will be prejudiced if the Court stays the case.").

"Even if a temporary stay" could "be characterized as a delay prejudicial to Plaintiffs," as discussed below, "there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." *Egon v. Del-Val Fin. Corp*., No. 90-Civ-4338, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991); *see North v. Merck & Co., Inc.*, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005) ("[T]he risk of hardship to [defendant] of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to [plaintiff]."); *Rosenfeld*, 1988 WL 49065, at *2 ("While they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost."); *Walker*, 2005 WL 1565839, at *2 (granting stay and finding "that while Plaintiffs might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests"). A stay is appropriate where, as here, the interests of judicial economy and the threat of inconsistent rulings outweigh any potential prejudice to plaintiffs. *Currey*, 2018 WL 2538724, at *2; *Ayers v. ConAgra Foods, Inc*., No. CIV.A. H-08-3723, 2009 WL 982472, at *1 (S.D. Tex. Apr. 9, 2009)

("The stay of the proceedings in this court furthers the policies of efficiency and consistency of pretrial rulings."); *see also Am. Seafood, Inc.*, 1992 WL 102762, at *2.

Here, any potential concerns about prejudice to Plaintiffs are offset because the Complaint was only recently filed, courts routinely have granted such stays, and the MDL court has imposed an overall stay of motions practice and responsive pleadings to enable all related cases to proceed in an orderly fashion. *See* MDL ECF No. 4, Pretrial Order #1, ¶ 11.

## II.    DEFENDANT WILL SUFFER HARM ABSENT A STAY.

If this action is not stayed, Defendant will be prejudiced by having to litigate duplicative matters in numerous venues.  The JPML has already granted the MDL motion and centralized over 700 actions in the Western District of Pennsylvania.  Forcing Defendant to incur significant costs in responding to the Complaint in this action or any other pleadings, notwithstanding the likelihood of transfer of this action and the filing of a superseding consolidated complaint in the MDL, while simultaneously attending to the MDL proceeding and serially litigating, would defeat the efficiency that MDL proceedings were designed to achieve.  *See* Manual Complex Litig. § 22.35 (4th Ed. 2004) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases."); *Krieger v. Merck & Co., Inc.*, 2005 WL 2921640, at *2 (W.D.N.Y. Nov. 4, 2005) ("I find that the risk of hardship to [defendant] of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to [plaintiff]."); *Matter of Merck & Co., Inc.*, 2006 WL 8455780, at *2 (finding "that the jurisdictional issues presented in these cases are not so unique or peculiar to warrant resolution by this Court, or to preclude entry of a stay to promote judicial economy," where defendant identified cases involving similar issues of fraudulent joinder in the MDL court); *Ritchie Cap. Mgmt.*, 87 F. Supp. 3d at 471 ("A stay assures that discovery will not commence in multiple

proceedings until the MDL panel has ruled on whether consolidation is merited."); *Simpson v. Wright Med. Tech., Inc.*, No. 5:17-cv-00062 KGB, 2020 WL 3318001, at *1 (E.D. Ark. June 18, 2020) (concluding that proceeding with action "while the MDL Motion is pending with the JPML creates the risk of potentially duplicative motion practice and results in hardship to the parties in conducting motion practice in a case that may be transferred elsewhere"); *Abshire v. Davol, Inc.*, No. 2:18-CV-268, 2018 WL 2538746, at *3 (S.D. Ohio June 4, 2018) ("If numerous courts, including this Court, proceed with pretrial matters in advance of the JPML's decision, then the efforts of the courts and litigants may be needlessly repeated."); *Fowler*, 2008 WL 11336192, at *2 (granting stay after finding that defendant would "be required to develop and to present similar defenses in several district courts, and [would] have to engage in duplicate briefing of motions and potentially duplicative discovery").

Absent a stay, Defendant also will suffer the prejudice of having to litigate potentially conflicting rulings in this action and the MDL matter.  *See Krieger*, 2005 WL 2921640, at *2 ("[T]he objectives of the MDL process—namely the avoidance of inconsistent rulings and the conservation of judicial resources—are best met by allowing the MDL Court to decide plaintiff's motion to remand."); *Paul*, 2009 WL 2244766, at *2 ("[I]f the JPML grants the motion to transfer, [defendant] potentially could be faced with conflicting decisions on similar pre-trial issues from this court and the transferee court if we were to decline the stay and continue the litigation"); *Ritchie Cap. Mgmt., LLC*, 87 F. Supp. 3d at 471 ("[I]f the case is not stayed, [defendant] will potentially face duplicative proceedings and inconsistent or inefficient discovery regimes."); *Royal Park Invs. SA/NV*, 941 F. Supp. 2d at 373 ("Rather than have the potential for inconsistent decisions on the common issue [underlying multiple motions to remand], th[ese] action[s] should be stayed pending action on the transfer to the MDL.") (citation omitted); *Rojas*, 2020 WL

8513143, at *1 ("A stay will also reduce the risk of inconsistent rulings."); *Rosenfeld*, 1988 WL 49065, at *1 ("If these two cases are not stayed, the defendants certainly would be required to duplicate much work."); Order, *Handley*, No. 4:22-cv-00220 (ECF No. 6) ("Defendants plausibly allege that they would suffer hardship and inequity if the Court does not stay the cases by having to litigate in multiple venues and receive potentially conflicting rulings."). Thus, Defendant has filed, and will continue to file, similar stay motions in other tag-along Actions—to enable the JPML to rule and the MDL court to oversee matters in an orderly manner.

## III.   A STAY WILL CONSERVE JUDICIAL RESOURCES.

Finally, the requested stay will conserve judicial resources.  "[I]t is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the [JPML] because of the judicial resources that are conserved."  *Pennsylvania ex rel. Kane*, No. 1:13-CV-605, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013) (citation omitted); *see Bd. of Trustees of Teachers' Retirement Sys. Of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 ("Having one court rather than three decide complex jurisdictional issues obviously saves judicial resources."); *Krieger*, 2005 WL 2921640, at *2 ("Entering a stay will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice."); *Ritchie Cap. Mgmt., LLC*, 87 F. Supp. 3d at 471 ("[A] stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer."); *Royal Park Invs. SA/NV*, 941 F. Supp. 2d at 373 ("In addition, courts in this Circuit have recognized that stays pending transfer 'will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice.'" (citations omitted)); *Med. Soc'y of State of N.Y. v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001) ("[T]here are significant economies in having a single court decide a jurisdictional question which has arisen and presumably will continue to arise in cases around the nation."); *Walker*, 2005 WL 1565839, at *2 (granting stay where "600 . .

. related cases have now been stayed, including more than 70 cases with pending motions to remand. . . . Thus, it is almost certain that the transferee court will hear and decide many of the same issues Plaintiffs ask this Court to tackle in ruling on their motion to remand."); *see Romine*, 2017 WL 11494684, at *3 ("[T]he Court agrees with Defendants' contention that the most prudent approach—and the most consistent with the general body of federal case law—is to conserve its judicial resources by issuing a stay until the Panel resolves [a pending] motion to transfer."); *Ellis*, 2006 WL 448694, at *1 ("The Court finds that having the pretrial issues decided in the MDL proceeding will best promote judicial economy and conserve judicial resources."); *Fuller v. Amerigas Propane, Inc.*, No. 09-2616 TEH, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) ("There is simply no reason for this Court to expend its time and energy on [this action] until the pending motion before the MDL Panel is resolved, as transfer of this matter to another court would render redundant the efforts of this Court.").

Indeed, given the proceedings concerning transfer of this action to the MDL and Judge Conti's scheduling order in the MDL that will govern if this case is transferred, it would be inefficient to have this Court consider an answer, motion to dismiss, or other pleading with respect to the existing Complaint in this action when such pleadings would be rendered moot after the transfer.  If the court "allow[s] this case to continue despite" a "motion to transfer to an MDL currently pending before the JPML," then it "run[s] the risk of expending valuable judicial resources familiarizing [it]self with the intricacies of a case that may be coordinated or console [sic] for pretrial purposes in another court."  *Paul*, 2009 WL 2244766, at *1; *U.S. Bank v. Royal Indem. Co.*, No. CIV.A. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted."); *see Rivers*, 980 F. Supp. at 1361 ("Taking

on [case management tasks if the case were not stayed] would seem to unnecessarily consume judicial time and energy."); Order, *Handley*, No. 4:22-cv-00220 (ECF No. 6) ("[A] stay would result in the conservation of judicial resources because of the potential that the Court expends significant time and effort on matters that will be duplicated when the action is transferred to the MDL.").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant this Motion and enter an order staying all proceedings in this action until the JPML has transferred this action to the MDL.

Respectfully submitted,

John P. Lavelle, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:     +1.215.963.5000
Facsimile:      +1.215.963.5001
*john.lavelle@morganlewis.com*

*Of Counsel for Defendant Philips RS North America LLC*

Dated:  September 5, 2023

/s/ Gary Adler
Gary Adler
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Ave.
New York, NY 10178-0060
Telephone:     +1.212.309.6140
Facsimile:      +1.212.309.6001
*gary.adler@morganlewis.com*

*Attorneys for Defendant Philips RS North America LLC*