UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARON LIS and ALLEN LIS,           REPORT AND RECOMMENDATION

                    Plaintiffs,

v.                                       23-CV-00907(JLS)(JJM)

KONINKLIJKE PHILIPS N.V.,
PHILIPS NORTH AMERICA LLC,
PHILIPS RS NORTH AMERICA LLC,
PHILIPS HOLDING USA, INC.,
PHILIPS HEALTHCARE,
HEALTH SYSTEM SERVICES, LTD.,

                    Defendants.
_____

       Before the court are the motion by defendant Philips RS North America LLC ("Philips RS") to stay this action pending transfer to multidistrict litigation (the "MDL litigation") [6],[1] and plaintiffs' motion to remand this action to state court and for an award of attorneys' fees and costs [9]. Both motions have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [11].

       Having reviewed the parties' submissions [6, 7, 9, 10, 19, 20, 23], for the following reasons I recommend that plaintiffs' motion be granted, and that Philips RS's motion be denied.[2]

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     Although a motion for a stay is nondispositive, "a remand order is the functional equivalent of an order to dismiss and thus is dispositive". Williams v. Beemiller, Inc., 527 F.3d 259, 266 (2d Cir. 2008).

## BACKGROUND

On August 10, 2023 plaintiffs Sharon Lis and Allen Lis commenced this action in State of New York Supreme Court, County of Niagara, seeking to recover damages for Sharon Lis's bronchogenic carcinoma allegedly caused by her use of a defective Philips DreamStation Continuous Positive Airway Pressure device sold to her by defendant Health System Services, Inc. ("HSS"). Complaint [1-1]. On August 31, 2023 Philips RS, on behalf of itself and certain other defendants, removed the action to this court pursuant to 28 U.S.C. §§1332 and 1441(a), based on diversity of citizenship. Notice of Removal [1].

On September 15, 2023, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Conditional Transfer Order [19-2] conditionally transferring this action to the MDL litigation. That Order states that it does not become effective until it is filed with the MDL court, and that the filing is stayed until further order of the JPML "if any party files a notice of opposition" within seven days. Since plaintiffs filed their notice of opposition on September 19, 2023 (*see* [796] in MDL Case No. 3014), the transfer has not yet occurred.

## DISCUSSION

A.     **Which Motion Should Be Decided First?**

"The pendency of a conditional transfer order before the [JPML] pursuant to 28 U.S.C. §1407 does not affect or suspend . . . pretrial proceedings in any pending federal district court action." Gallagher v. Boehringer Ingelheim Pharmaceuticals, Inc., 2023 WL 402191, *3 (S.D.N.Y. 2023). Although "[t]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL

panel", North v. Merck & Co., 2005 WL 2921638, *1 (W.D.N.Y. 2005), that rule is not an absolute bar to this court's consideration of the remand motion.

"Congress designed the removal-and-remand process to address jurisdictional matters speedily." Interstate Service Providers, Inc. v. Jordan, 2021 WL 2355384, *5 (E.D. Texas 2021). "This Court is perfectly capable of ruling, and ruling quickly, on the motion to remand which involves questions of both federal law and of New York state law. Congress's objective would be defeated if the Court deferred consideration of the motion until after the JPML decided the motion to transfer." Gallagher, 2023 WL 402191, *3.

Philips RS argues that plaintiffs will not be prejudiced by the granting of a stay because the MDL court can quickly decide the remand motion. *See* Philips RS's Memorandum of Law [7], Point I. However, plaintiffs point to several cases in which the remand issue in MDL courts remain unresolved after many months or even years. *See* plaintiffs' Memorandum in Opposition [10-5], Point I; plaintiffs' Reply [23] at 8. In view of her deteriorating medical condition [23-3, 23-4], plaintiff Sharon Lis "does not have the luxury of time", and plans to seek a trial preference in state court if the remand motion is granted. *See* plaintiffs' Reply [23] at 6, 8. "Since the parties have already briefed the remand issue in full, delay and costs would only increase if the Court were to grant the stay and leave the remand issue for the MDL court to resolve at some later date." Gallagher, 2023 WL 402191, *3.

Accordingly, before considering Philips RS's motion to stay proceedings, I will address plaintiffs' motion to remand.

B. **Has Philips RS Demonstrated that Removal was Proper?**

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." <u>Montefiore Medical Center v. Teamsters Local 272</u>, 642 F.3d 321, 327 (2d Cir. 2011). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts . . . resolv[e] any doubts against removability." <u>Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.</u>, 943 F.3d 613, 617 (2d Cir. 2019).

Philips RS recognizes that "[d]iversity jurisdiction requires complete diversity of citizenship, *i.e.*, the citizenship of each plaintiff must be diverse from the citizenship of each defendant". Notice of Removal [1], ¶28. Although it is undisputed that plaintiffs and HSS are citizens of the State of New York (<u>id.</u>, ¶31; HSS Certificate of Incorporation [9-2]), Philips RS argues that "HSS is fraudulently joined and the Court should ignore its citizenship". Notice of Removal [1], ¶43. It suggests that "[t]o establish that a defendant has been fraudulently joined, the defendant must demonstrate that the plaintiff cannot recover against the non-diverse defendant in state court." <u>Id.</u>, ¶44, *citing* <u>Pampillonia v. RJR Nabisco, Inc.</u>, 138 F.3d 459, 461 (2d Cir. 1998).

However, <u>Pampillonia</u> focuses on whether plaintiffs can *state* a cause of action under state law, not whether they can recover on that cause of action: "In order to show that naming a non-diverse defendant is a fraudulent joinder effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that

a plaintiff can state a cause of action against the non-diverse defendant in state court". Id. at 461.³

While some courts have interpreted the phrase "no possibility" to mean "no *reasonable* possibility" (*e.g.*, In re Rezulin Products Liability Litigation, 133 F.Supp.2d 272, 280 n. 4 (S.D.N.Y.2001)), "most courts have rejected In re Rezulin's articulation of the fraudulent joinder standard as a misstatement of the law and have adhered closely to Pampillonia's holding". Locicero v. Sanofi-Aventis U.S. Inc., 2009 WL 2016068, *2 (W.D.N.Y. 2009). *See* Arseneault v. Congoleum, 2002 WL 472256, at *5, n. 4 (S.D.N.Y.), on reconsideration, 2002 WL 531006 (S.D.N.Y. 2002) ("the Court of Appeals did not inadvertently use the language it did"); Cleary v. Boston Scientific Corp., 2006 WL 2689815, *3 (E.D.N.Y. 2006) ("literal application of the 'no possibility' standard is fully consistent with the narrow construction that courts have placed on the right to remove. In addition, the Second Circuit's adoption of a 'clear and convincing evidence' standard . . . demonstrates how stringent it intended to make the 'no possibility' test").

In determining whether a plaintiff can state a cause of action under New York law, "[w]hether [it] can ultimately establish its allegations is not part of the calculus". EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19 (2005). Therefore, "the strength of plaintiffs' case is not relevant" to the issue of fraudulent joinder. Dexter v. A C & S Inc., 2003 WL 22725461, *2 (S.D.N.Y. 2003). "[T]he inquiry remains whether Plaintiffs have a possibility of asserting . . . claims" against the nondiverse defendant, "not whether Plaintiffs are likely to succeed on these claims on the merits". MBIA Insurance Corp. v. Royal Bank of Canada, 706 F. Supp. 2d 380, 396 (S.D.N.Y. 2009).

---

³   Philips RS does not argue that there has been outright fraud by plaintiffs.

Philips RS argues that "the Complaint does not contain a single substantive allegation supporting any finding of wrongdoing by HSS" (Philips RS's Opposition [20] at 23), claiming that it does "not allege that HSS . . . knew or should have known at any point about any alleged defect in the device". Id. at 15, 17, n. 4, 21. I disagree. The Complaint alleges, *inter alia*, that "Defendants actively concealed from Plaintiff and her physician, the true risks associated with the subject device" ([1-1], ¶91); that "Defendants knew, or should have known, that using . . . the subject device, created a significantly increased risk of cancer" (id., ¶95); that "Defendants sold the . . . subject device, without making proper and sufficient tests to determine the dangers to the users" and "failed to adequately and correctly warn the Plaintiff . . . of the cancer risks associated with the recalled devices, including the subject device" (id., ¶96); that "Defendants specifically failed to exercise reasonable care when they failed to accompany the subject device with proper and/or accurate warnings regarding all adverse side effects - namely cancer - associated with the use of the subject device" (id., ¶100); that "despite having substantial information about the Recalled Devices' serious and unreasonable side effects, Defendants failed to . . . pull the devices from the market" (id., ¶109); that "Defendants falsely represented to Plaintiff Sharon Lis and her physician that the subject device was safe for human use" (id., ¶153); and that "Defendants intentionally, knowingly and recklessly made these misrepresentations to induce Plaintiff's prescribing physician to prescribe and Plaintiff Sharon Lis to purchase, the Recalled subject device" (id., ¶155).

The Complaint's reference to "defendants" means "all defendants not just some". National Center for Immigrants' Rights, Inc. v. I.N.S., 892 F.2d 814, 817 (9th Cir. 1989); Pollock v. Ridge, 310 F. Supp. 2d 519, 522, n. 1 (W.D.N.Y. 2004) ("[r]eferences to 'defendants' generally means all defendants"). Although Philips RS argues that "[p]laintiffs' improper group

pleading does not adequately state a claim against HSS" (Opposition [20] at 19), it is not "sufficient to argue that the complaint fails to state a cause of action against the defendant . . . . [The] fraudulent joinder inquiry subjects the complaint to less scrutiny than on a motion to dismiss for failure to state a claim". Freeburg v. E.I. DuPont de Nemours & Co., 2011 WL 13247931, *2 (W.D.N.Y. 2011).

   Thus, the fact that the "Complaint employs group pleading, and does not contain allegations specifically directed towards [the nondiverse defendant], is not determinative in the Court's fraudulent joinder analysis, because the question before the Court is whether any one of [plaintiff's] claims is possibly viable . . . . [T]he proper standard is not to determine whether [plaintiff] has yet stated a possibly viable claim, but to decide whether she *can* state a possibly viable claim." Archuleta v. Taos Living Center, LLC, 791 F. Supp. 2d 1066, 1076 (D.N.M. 2011) (emphasis in original).

   This court "need not decide whether, as a matter of New York law, the Complaint does indeed state a claim. It suffices that the Complaint colorably asserts such a claim and that New York's liberal pleadings rules leave open the possibility that the state court would deem the Complaint to state a claim". Locicero, 2009 WL 2016068 at *6. "Further specifics may be obtained by demanding a bill of particulars, which 'amplifies a pleading by setting forth in greater detail the nature of the allegations and what the party making them intends to prove'." Id., *quoting* Northway Engineering, Inc. v. Felix Industries, Inc., 77 N.Y.2d 332, 336 (1991). *See also* Hartshorne v. Roman Catholic Diocese of Albany, 68 Misc. 3d 849, 862 (N.Y. Sup. Ct. 2020), aff'd, 200 A.D.3d 1427 (3d Dept. 2021) ("[p]laintiffs allege specifically identified acts and omissions that the Defendants committed as a group and as such, provide the Defendants

with sufficient notice . . . [T]he appropriate remedy to obtain exact specificity as to the Plaintiffs' allegations is for the Defendants to seek a bill of particulars or other discovery").

Therefore, Philips RS's argument that there is "no possibility of recovery against HSS, which did nothing more than properly fill a prescription for a retail consumer" (Opposition [20] at 19) must be disregarded for purposes of this motion. See Gensler v. Sanolfi-Aventis, 2009 WL 857991, *5 (E.D.N.Y. 2009) ("there is a reasonable possibility that a failure to warn claim could be asserted against a pharmaceutical distributor. Such a claim could be asserted against a distributor under standard products liability principles . . . . . There is no clear indication that there is an exception for pharmaceutical drug cases . . . . As uncertainties are resolved in favor of the plaintiff, Pampillonia, 138 F.3d at 461, it will be assumed that such a claim is possible for purposes of the motion to remand").

That is particularly true at this early stage of the case, since "[a] party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment". Diller v. Mirto, 211 A.D.3d 912, 913 (2d Dept. 2022). Thus, "[w]here, as here, pertinent facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant, and may be revealed through pretrial discovery, summary judgment should be denied". Blue Bird Coach Lines, Inc. v. 107 Delaware Ave., N.V., Inc., 125 A.D.2d 971 (4th Dept. 1986).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." Pampillonia, 138 F.3d at 461. Philips RS has not satisfied that burden. Therefore, I recommend that the motion to remand be granted. If that recommendation is adopted, the motion for a stay must be denied, because this court lacks the power to "stay an action over which it lacks subject-matter

jurisdiction". Lalima v. Johnson & Johnson, 2019 WL 2362362, *7, n. 8 (N.D.N.Y. 2019). "If the removal was not proper in the first instance, the state court was never divested of jurisdiction and the federal court consequently has no jurisdiction to exercise." Naber v. First American Title Insurance Agency, Inc., 2022 WL 16832644, *4 (W.D.N.Y. 2022).

C.      **Request for Attorney's Fees and Costs**

In addition to remand, plaintiffs seek to recover their costs and attorney's fees as the result of the removal pursuant to 28 U.S.C. §1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal". Plaintiffs' Memorandum of Law [9-5], at 15-16. "[A]n award of fees under §1447(c) is left to the district court's discretion". Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005).

"An award of costs and fees pursuant to §1447(c) does not require a finding of bad faith by the removing party." Samuel v. Town of Cheektowaga, 2009 WL 5185806, *5 (W.D.N.Y. 2009), citing Morgan Guaranty Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 923-24 (2d Cir.1992). Instead, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under §1447(c) . . . where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141.

In opposing plaintiffs' request for an award of costs and fees, Philips RS argues that "removal was objectively reasonable because . . . there is a line of New York caselaw holding that there is no possibility of recovery against an entity like HSS that did nothing more than properly fill a prescription for a retail consumer. Moreover, the Complaint does not contain

a single substantive allegation supporting any finding of wrongdoing by HSS, and otherwise resorts to improper group pleading that is insufficient to state a claim". Opposition [20] at 23. However, for reasons already discussed, those arguments are not objectively reasonable.

Therefore, if my recommendation for remand is adopted by Judge Sinatra, plaintiffs' attorneys shall submit their contemporaneous records detailing the time and expense incurred in connection with the motion, and a briefing schedule will be set. *See* Bryant v. Britt, 420 F.3d 161, 165 (2d Cir. 2005) ("a district court has jurisdiction to resolve a motion for fees and costs under §1447(c) after a remand order has issued").

## CONCLUSION

For these reasons, I recommend that plaintiffs' motion for remand, attorneys' fees and costs [9] be granted, and that Philips RS's motion for a stay [6] be denied as moot. Unless otherwise ordered by District Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by November 13, 2023. Any requests for extension of this deadline must be made to District Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision." Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority," and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: October 30, 2023

                                        <u>/s/Jeremiah J. McCarthy</u>
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge