UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHARON LIS and ALLEN LIS,

        Plaintiffs,

v.                                                      23-CV-907 (JLS) (JJM)

KONINKLIJKE PHILIPS N.V.,
PHILIPS NORTH AMERICA LLC,
PHILIPS RS NORTH AMERICA LLC,
PHILIPS HOLDIN USA, INC.,
PHILIPS HEALTHCARE, and
HEALTH SYSTEMS SERVICES, LTD.,

        Defendants.

_____

## DECISION AND ORDER

Before the Court are objections to the [28] Report and Recommendation ("R&R"), which addressed the [6] motion to stay proceedings, as well as the [9] motion for remand and request for attorneys' fees and costs. For the reasons that follow, the case is remanded to state court. The request for fees and costs is denied.

## BACKGROUND

On August 10, 2023, Plaintiffs commenced this action in Supreme Court, Niagara County, seeking relief under New York law for injuries that Plaintiff Sharon Lis allegedly sustained through use of an allegedly defective Philips DreamStation Auto Continuous Positive Airway Pressure mechanical ventilator device (the "Device"). *See* Dkt. 1-1. Defendants removed the action to this Court on August 31, 2023. Dkt. 1. The case has been referred to United States Magistrate Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 11.

On September 5, 2023, Defendant Philips RS North America LLC ("Philips RS") moved "to stay all proceedings in this action" on the grounds that the matter would "soon" be "transferred to the multidistrict litigation currently pending before Judge Conti in the Western District of Pennsylvania, *In re: Philips Recalled CPAP, BiLevel PAP, and Mechanical Ventilator Products Liability Litigation*, Case No. 2:21-mc-01230 (W.D. Pa.) (JFC)." Dkt. 6. Plaintiffs responded in opposition, Dkt. 10, and Philips RS replied. Dkt. 19.

On September 11, 2023, Plaintiffs moved to remand the case to state court. Dkt. 9. They argue that "diversity jurisdiction does not exist" because Plaintiffs are citizens of the same state (New York) as Defendant Health Systems Services, Ltd. ("HSS"). *See* Dkt. 9-5 at 5. Plaintiffs also seek to recover attorneys' fees and costs in connection with removal. *See id.* at 15-17. Defendants responded in opposition to Plaintiffs' motion, Dkt. 20, and Plaintiffs replied. Dkt. 23.

On October 30, 2023, Judge McCarthy issued the R&R, recommending that this Court deny the [6] motion to stay as moot and grant the [9] motion for remand. Dkt. 28 at 10. He further recommends that this Court grant Plaintiffs' request for attorneys' fees and costs and that—if this Court adopts the "recommendation for remand"—Plaintiffs' attorneys be required to "submit their contemporaneous records detailing the time and expense incurred in connection with the motion." *Id.*

Defendant Philips RS objected to the R&R. Dkt. 34. Specifically, it argues: (1) the R&R "should have recommended granting the stay motion and deferring remand issues to the Philips MDL Court;" (2) the R&R "should have denied the remand motion because HSS is fraudulently joined;" and (3) the R&R's "fee recommendation is

2

inappropriate, devoid of analysis, and plainly erroneous." *See id.* Plaintiffs opposed the objections, Dkt. 36, and Defendants replied. Dkt. 37.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, this Court accepts and adopts Judge McCarthy's recommendations to deny the stay motion and to remand the case to state court.

The Court, however, declines to impose attorneys' fees and costs. An "order 'remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 400 (S.D.N.Y. 2009) (quoting 28 U.S.C. § 1447(c)). Section 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). The "Supreme Court has held, however, that, 'absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.'" *Goldman v. Grand Living II, LLC*, No. 21CV1028AMDRML, 2021 WL 4033277, at *6

3

(E.D.N.Y. Sept. 3, 2021) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005)). Conversely, "when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. A "basis for removal is 'objectively reasonable' if the removing party had a colorable argument that removal was proper." *Campbell v. Uber Techs. Inc.*, No. 22-CV-1247 (DG)(MMH), 2023 WL 2662947, at *5 (E.D.N.Y. Mar. 28, 2023) (internal citation omitted).

Here, the fraudulent joinder argument "was objectively reasonable considering the circumstances and the nature of the case." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 400 (S.D.N.Y. 2009). Defendant's arguments in favor of federal jurisdiction implicate complex issues, such as the extent to which various entities can be held liable under New York products liability theories. *See, e.g.*, Dkt. 34 at 21. In "light of the subtleties involved in applying fraudulent joinder principles to non-diverse plaintiffs" and in the "absence of any clear showing that plaintiffs have been prejudiced by the delays associated with removal," the Court concludes that "the parties should bear their own costs." *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 476 (S.D.N.Y. 2000). *See also Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 472 (S.D.N.Y. 2006) ("the mere fact that the defendant fails to carry his burden does not of itself require an award of costs to the plaintiff").

In sum, Plaintiffs' request for fees and costs is denied. *See In re Fosamax Prod. Liab. Litig.*, No. 1:06-MD-1789 (JFK), 2008 WL 2940560, at *9 (S.D.N.Y. July 29, 2008) (an "award of costs and expenses is not in order because defendants' fraudulent joinder arguments in support of removal were not frivolous"); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 398 (S.D.N.Y. 2006) ("even though the Court grants the

4

Motion to Remand, the grounds for removal are substantial, particularly in light of the unusual facts and the number of complicated questions raised in this case"); *Castillo v. BJ's Wholesale Club*, 645 F. Supp. 3d 85, 95 (E.D.N.Y. 2022) ("Though Defendants' removal petition was unsuccessful, the court finds that they had an objectively reasonable basis for removal, because this courts lack of jurisdiction was not obvious from the face of the removal petition") (internal citation omitted).

## CONCLUSION

For the reasons discussed above, the case is remanded to state court. Plaintiffs' request for attorneys' fees and costs is denied. The motion to stay is denied as moot.

SO ORDERED.

Dated:   February 12, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE